NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-15532 |
| Plaintiff-Appellee, | D.C. Nos. 1:18-cv-00090-SOM 1:13-cr-01036-SOM-1 |
| v. | |
| MALIA ARCIERO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted October 21, 2020
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.

Malia Arciero was convicted of four drug-related offenses in violation of 21

U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C). The district court

sentenced her to 172 months imprisonment and five years supervised release.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Arciero appealed from the conviction and challenged conditions of her supervised release, and our court affirmed in a memorandum disposition. *United States v. Arciero*, 679 F. App'x 581 (9th Cir. 2017).

Arciero filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence, asserting a claim for ineffective assistance of counsel. The district court denied the motion and declined to issue a certificate of appealability (COA). Arciero appealed from the district court's order, and our court granted a COA. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. "We review de novo the district court's determinations of whether a defendant received ineffective assistance of counsel. . . ." *United States v. Alaimalo*, 313 F.3d 1188, 1191 (9th Cir. 2002). "We review for clear error the factual findings underlying the denial of a § 2255 motion." *Id.* We affirm.

To succeed on an ineffective assistance of counsel claim, a convicted defendant must show that counsel's performance was deficient and entailed "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Discussing practical considerations, the Court stated that "a court need not determine whether counsel's performance was deficient before examining the

2

prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

Arciero was arrested in April 2013 and retained Michael J. Green in July 2013. The government offered Arciero a plea agreement by which she could have avoided a potential ten-year mandatory minimum sentence. She refused it and discharged Green because he encouraged her to plead guilty.

In November 2013, Arciero retained Gary Dubin and told him that she was innocent, wanted to go to trial, and had been sexually assaulted by the government case agent. After Arciero advised Dubin of the sexual assault allegations, Dubin submitted three pretrial motions in August 2014. Each motion was supported by Arciero's declaration describing the sexual assault allegations in detail.

In November 2014, after her sister pled guilty to related offenses, Arciero expressed doubt about going to trial and an interest in pleading guilty. Dubin chastised Arciero for her reluctance, sometimes harshly, and he emphasized that the government was not currently offering Arciero a plea agreement. Nonetheless, Dubin contacted the government to discuss a possible plea. The government offered a proposed agreement that required Arciero to recant her sexual assault allegations. Arciero stated that she would accept the agreement only if the government proposed a sentence of less than three years imprisonment. The

government responded that such an agreement was not possible because of Arciero's sexual assault allegations, which it characterized as false.

Arciero's trial began in December 2014, and in January 2015, the jury convicted Arciero on all counts. On September 18, 2015, three days before her sentencing hearing, Arciero retracted her accusations against the case agent and stated that the allegations were false. At sentencing, the district court imposed a two-level obstruction of justice enhancement based on, among other things, Arciero's false accusations against the case agent. Arciero's advisory sentencing guideline range was 151 to 188 months. Describing Arciero's retraction of the sexual assault allegations as a "very opportunistic, very manipulative" "last-minute conversion," the district court reasoned that a "significant sentence" was appropriate. The court imposed concurrent sentences of 172 months imprisonment to each count.

We disagree with Arciero's ineffective assistance of counsel claim because she fails to show that she was prejudiced by Dubin's performance. With respect to her retracted sexual assault allegations, Arciero argues that Dubin failed to advise her of the negative consequences of using the allegations, filed ineffective pretrial motions, and failed to question Arciero about the allegations. However, Arciero's argument merely faults Dubin for believing her. The record clearly illustrates that

4

Arciero's false allegations and her last-minute retraction—not Dubin's conduct—guided the district court's sentence. Even if otherwise, Arciero cannot show prejudice because the district court imposed the obstruction-of-justice enhancement based on three separate instances of Arciero's untruthfulness, not just her false allegations against the case agent. Moreover, Arciero conceded that she does not assert a failure-to-investigate claim, and even if she did, she fails to explain why Dubin should have doubted her sexual assault allegations.

Similarly, Arciero fails to show that Dubin's November 2014 emails regarding the merits of going to trial prejudiced her. After rejecting the first plea agreement and discharging her prior counsel, Arciero retained Dubin to go to trial. No plea agreement was available when the two corresponded in mid-November 2014, and Arciero subsequently rejected the plea agreement the government offered in late November 2014. Arciero was not prejudiced by Dubin's counsel because she desired to go to trial and decided to reject the then-available plea agreements.

**AFFIRMED.**